**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FRANCISCO PEREIRA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| BEDFORD BOSTON PREFERRED CAR | ) |
| SERVICE, INC. | ) |
| and SAMARONE SOARES , | ) |
| | ) |
| Defendants | ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Francisco Pereira (hereinafter referred to as "Plaintiff"), and files this lawsuit against Defendants Bedford Boston Preferred Car Service, Inc. and Samarone Soares (hereinafter collectively referred to as "the Defendants"), and shows the following:

**INTRODUCTION**

1. Plaintiff has initiated the instant action to redress violations by the Defendants of the Fair Labor Standards Act (hereinafter referred to as "the FLSA"). Plaintiff asserts the Defendants failed to pay the Plaintiff proper overtime compensation, in violation of the FLSA.

**JURISDICTION AND VENUE**

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction over the Defendants to comply with traditional notions of fair play and substantial justice.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendants reside in and conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. Plaintiff Francisco Pereira is a natural person residing in Malden, Middlesex County, Massachusetts.

6. Defendant Bedford Boston Preferred Car Service, Inc. (hereinafter referred to as "BBPCS") is a corporation organized under the laws of the Commonwealth of Massachusetts.

7. BBPCS maintains a place of business at 19 Cutler Street, Bedford, Massachusetts.

8. Defendant Samarone Soares is the President, Treasurer, Secretary, Director and Registered Agent of BBPCS, and has direct management and supervisory duties over BBPCS's employees.

9. At all times relevant hereto, the Defendants were "employers," as that term is defined by 29 U.S.C. § 203(d).

10. At all times relevant hereto, Plaintiff was an "employee" of the Defendants, as that term is defined by 29 U.S.C. § 203(e).

11. BBPCS is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12. BBPCS has employees engaged in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

## FACTS

13. Plaintiff was hired by the Defendants as a driver of a Lincoln Town Car on February 15, 2013.

14. Plaintiff worked for the Defendants until September 6, 2014.

15. Plaintiff's primary job was to pick up passengers and transport them to their destinations.

16. Plaintiff's primary tasks did not require the exercise of discretion or independent judgment.

17. Plaintiff worked an average of sixty (60) hours per week and was not paid an overtime differential for hours worked over forty (40).

18. Plaintiff was paid on a commission basis of Twenty Five Percent (25%) of what was charged to each customer.

19. During the times that Plaintiff was not transporting a passenger, he was required to be on call.

20. Plaintiff was not paid the overtime wage differential required by 29 U.S.C. § 207(a) on the occasions Plaintiff worked over forty (40) hours in a workweek.

## COUNT I
## FLSA Overtime Violation, 29 U.S.C. § 201, *et seq.*

21. Plaintiff restates the allegations contained in paragraphs one (1) through twenty four (24) above and incorporates them herein by reference.

22. Defendants have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for the time that Plaintiff worked in excess of forty (40) hours in a workweek.

23. Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

24. Defendants' actions violate the FLSA's overtime requirement by failing to compensate Plaintiff at the required overtime rate.

25. Defendants knew, or showed reckless disregard, for the fact that they failed to pay the Plaintiff overtime compensation in violation of the FLSA.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant Plaintiff a trial by jury as to all triable issues of fact;

B. Enter judgment awarding Plaintiff unpaid overtime wages pursuant to 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid overtime wages pursuant to 29 U.S.C. §216, and court costs, reasonable attorney's fees and all other remedies allowed under the FLSA; and

C. Award such other relief as this Court may deem just.

## **JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all counts so triable.

        FRANCISCO PEREIRA,

        By his attorney,


        <u>/s/ Erica Petkov</u>
        Erica Petkov
        Massachusetts Bar No. 681511
        Perez Gardini, LLC
        P.O. Box 6318
        Boston, MA 02114
        (617) 507-1779
        (866) 520-1233 facsimile
        erica@gardinilaw.com